AMIR NASSIHI (SBN 235936)
anassihi@shb.com
SHOOK, HARDY & BACON LLP
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900 | Fax: (415) 391-0281

KARYN IHARA (SBN 298950)
kihara@shb.com
SHOOK, HARDY & BACON LLP
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (424) 285-8330 | Fax: (424) 204-9093

Attorneys for Defendants
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE LOPEZ,<br><br>        Plaintiff,<br><br>   vs.<br><br>FORD MOTOR COMPANY; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: 5:26-cv-00229<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant Ford Motor Company ("Ford" or "Defendant"), hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1446, the claims pending as Case No. 25CV461824 in the Superior Court of California,

1

County of Santa Clara.

## I. NATURE OF THE REMOVED CASE

Plaintiff Enrique Lopez ("Plaintiff") filed this civil action against Ford in the Superior Court of California, County of Santa Clara, on March 24, 2025. A true and correct copy of the Summons and Complaint is attached as Exhibit A to this Notice.

Plaintiff asserts causes of action (1) under the Song-Beverly Consumer Warranty Act (breach of express and implied warranties, and violations of California Civil Code section 1793.2), and (2) for fraudulent inducement and concealment. *See* Compl. (Ex. A), at ¶¶ 27-45; 51-63.[1]

Plaintiff seeks a rescission of the purchase contract and restitution of all monies expended on the Subject Vehicle, general, special, incidental, and consequential damages, as well as a civil penalty of up to two times the amount of actual damages. *See id.*, at ¶ 10; Prayer for Relief (Ex. A).

On July 1, 2025, Ford answered Plaintiff's Complaint in the state action, a true and correct copy of which is attached as Exhibit C to this Notice. *See* Answer (Ex. C).

In the last 30 days, Ford, through counsel, conducted a preliminary investigation and determined that Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiff's allegations plausibly give rise to subject matter jurisdiction.

Plaintiff's Complaint is ambiguous as to the amount in controversy and Plaintiff's state of citizenship and therefore, Ford's duty to remove under 28 U.S.C. 1446(b) has not been triggered. *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 691 (9th Cir. 2005).

---

[1] Plaintiff filed a Request for Dismissal ("RFD") on December 30, 2025, voluntarily dismissing Dealer-Defendant Raceway Ford, Inc. from this action. An as-served copy of the RFD is attached as Exhibit B. Accordingly, Plaintiff and Defendant Ford Motor Company are the only remaining parties to this litigation.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

A defendant's notice of removal should make a plausible non-speculative showing that the amount in controversy exceeds the jurisdictional threshold and that there is complete diversity of the parties. Evidence establishing subject matter jurisdiction is only required when the plaintiff, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co.*, *LLC*, 574 U.S. 81, 89 (2014) ("Evidence establishing the amount is controversy is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.")

Ford's preliminary investigation into Plaintiff's allegations revealed a plausible basis for subject matter jurisdiction because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship Exists Between the Parties.

According to the Complaint, Plaintiff is a resident of California. (*See* Compl. (Ex. A), ¶ 2). Ford's preliminary investigation also concluded that Plaintiff resided in California when they purchased the Subject Vehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship.

At the time Plaintiff commenced this action, Ford was (and still is) a Delaware corporation with its principal place of business in Michigan and, thus, for jurisdictional purposes, a citizen of those states.

Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded when determining removal jurisdiction. Accordingly, the citizenship of Does 1 through 10 should not be considered when determining whether jurisdiction based on diversity of citizenship exists in this case.

Accordingly, Ford's preliminary investigation revealed a plausible basis for

subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the sole named defendant is a citizen of Delaware and Michigan, while Plaintiff is a citizen of California.

### B. The Amount in Controversy Requirement Is Satisfied.

The amount in controversy plausibly exceeds $75,000. Plaintiff seeks rescission of the contract and other damages under the California Commercial Code. *Id.*, at ¶ 10; Prayer for Relief (Ex. A). Additionally, Plaintiff seeks consequential and incidental damages, civil penalties "in the amount of two times Plaintiff's actual damages," attorney's fees, prejudgment interest, and other relief as the Court may deem proper. *Id.*

Under the Song-Beverly Act, Plaintiff's potential actual damages for breach of warranty are an amount equal to the actual price paid or payable by the buyer less applicable offsets. Cal. Civ. Code §§ 1793.2(d)(2)(B), 1794(b); *see, e.g., Covarrubias v. Ford Motor Co.*, No. 2:25-CV-00328-JLS-MAA, 2025 WL 907544, at *3 (C.D. Cal. Mar. 24, 2025) ("The Court thus concludes that in actions brought under the Song-Beverly Act, a complaint is indeterminate as to the amount in controversy when that complaint alleges only the approximate value of a vehicle without also providing any information as to the amount actually paid for the vehicle by plaintiff….A complaint is also indeterminate where it fails to provide information from which the vehicle's mileage use offset can be determined.") Credible consideration of these is essential to establishing a non-speculative amount of "actual damages" in controversy for purposes of diversity jurisdiction in a Song-Beverly action.

Here, Ford has estimated the purchase price for the subject 2019 F-150 to be $47,452.76. Ford's preliminary investigation also estimated $5,000.00 in total deductions including estimates of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity. Code Civ.

1  Proc. § 871.26; Cal. Civ. Code § 1793.2(d)(2)(B). This yields a plausible estimate of
2  actual damages of $42,452.76.

3       Additionally, Plaintiff alleges that he is entitled to up to two times actual
4  damages in civil penalties under the Song-Beverly Act. Most courts have held that
5  some or all civil penalties may only be calculated be once the actual damages are
6  reasonably calculated—following deduction of offsets such as mileage offset and the
7  other offsets described above—and that it would be speculative to include an amount
8  solely based on the purchase price without factoring in potential offsets.

9       Further, while a defendant should conduct a preliminary investigation as to the
10 inclusion of civil penalties, a defendant need not establish that the penalties will be
11 proved to support inclusion of some or all as amounts in controversy – only that they
12 are placed at issue through plaintiff's allegations and actual damages is calculated.

13       Here, Plaintiff's Complaint seeks civil penalties in the amount of two times
14 Plaintiff's actual damages. Plaintiff's alleged actual damages are estimated at
15 $42,452.76 (the purchase price of the subject vehicle less mileage deduction, rebate,
16 and any negative equity). Ford's preliminary investigation into the vehicle repair
17 history and related case history revealed that Plaintiff is more likely than not to
18 actually seek civil penalties in this matter, and it would be reasonable to include a
19 meaningful amount for civil penalties, tied to the actual damages calculated.

20       In addition to actual damages and civil penalties tied to the actual damages
21 calculations, the Song Beverly Act allows for the recovery of attorneys' fees. Cal.
22 Civ. Code § 1794(d). The amount in controversy therefore includes a reasonable
23 estimation of attorney's fees. *See Fritsch v. Switch Transp. Co. of Az., LLC*, 899 F.3d
24 785, 794 (9th Cir. 2018) (holding that "a court must include future attorneys' fees
25 recoverable by statute or contract when assessing whether the amount-in controversy
26 requirement is met."). Based on Ford's prior experience in similar matters, a
27 reasonable estimate of Plaintiff's attorneys' fees accumulated up to this point in

28

litigation is $5,000. Further, Ford's assessment is that this case is not likely to resolve and conservatively including fees from work up for even just 6 months post-removal, the amount in controversy more than exceeds the jurisdictional threshold.

Considering the combination of actual damages, civil penalties, past, and conservatively calculated future attorneys' fees, the amount in controversy meaningfully exceeds $75,000.

In sum, based on Ford's preliminary investigation, the available information reveals that a plausible basis to conclude that the amount in controversy in this case exceeds the $75,000 threshold necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## III. THE COMPLAINT DID NOT TRIGGER FORD'S DUTY TO REMOVE AND FORD'S NOTICE OF REMOVAL IS TIMELY

While Ford was able to determine plausible grounds for subject matter jurisdiction based on its preliminary investigation into Plaintiff's allegations, Plaintiff has not triggered Ford's duty to remove because Plaintiff's allegations are "indeterminate" as to subject matter jurisdiction.

### A. The Ninth Circuit's Bright Line Rule for Triggering the Duty to Remove.

There are two potential 30-day deadlines for removal. The first is triggered by a complaint that "affirmatively reveals on its face the facts necessary for federal court jurisdiction." *See Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 691 (9th Cir. 2005); *see also* 28 U.S.C. § 1446(b)(1). The second is triggered by an amended pleading or an "other paper" where it can be "ascertained from the face of the document that removal is proper." *See Harris*, 425 F.3d at 694; *see also* 28 U.S.C. § 1446(b)(3).

In interpreting whether a Complaint or "other paper" triggers a duty to remove within 30-days, the Ninth Circuit has adopted a "bright-line approach," to ensure

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

"certainty and predictability." *Harris*, 425 F.3d at 697 ("[A]n objective baseline rule avoids the specter of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry."). Under that bright-line approach, a served document must be "determinate" and unequivocally clear and certain as to subject matter jurisdiction within the four-corners of the document rather than one requiring further investigation or assessments. *See Harris*, 425 F.3d at 695 (holding that defendant's subjective knowledge is an improper test for notice of subject matter jurisdiction).

Importantly, the standard to trigger the duty to remove is distinct from and more demanding than the "plausibility" standard by which a notice of removal is assessed in the first instance under *Dart*. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021) ("[R]emoval clock does not start until a paper makes a ground for removal *unequivocally clear and certain*.") (emphasis added); *see also Vasquez v. Nissan North America, Inc.*, No. 2:24-cv-00302-GW-E, 2024 WL 4452776 at *2 (C.D. Cal. Mar. 7, 2024) ("[*Dart Cherokee*] held that the required short and plain statement of the grounds for removal need not contain evidentiary submissions. [citation] This is irrelevant to the timeliness question [plaintiff] poses in connection with the procedural defect argument.")

### B. The Complaint Is Indeterminate as to Citizenship.

Citizenship requires a showing of (1) "residence" and (2) "intent to remain." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.")

Here, Plaintiff only alleges that he resides in California. Compl. ¶ 2. However, he does not allege he is a citizen of California, nor does Plaintiff allege that he intends

to remain in California. While allegations of residence may give rise to plausible allegations of citizenship, residence alone is not "determinate" as to citizenship. *See, Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Plaintiffs' complaint and Pfizer's notice of removal both state that Plaintiffs were "residents" of California. But the diversity statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."); *see also Sungwoo Ahn v. Mercedes-Benz USA*, No. CV 24-10090-PA (SSCx), 2024 WL 5479540, at *2 (C.D. Cal. Nov. 26, 2024) (remanding for failure to establish intent to remain where plaintiff alleged residence in California only); *Munoz v. Panera, LLC*, No. CV 25-3175 PA (JPRx), 2025 WL 1212830, at *1-2 (C.D. Cal. Apr. 24, 2025) (same). Therefore, Plaintiff's Complaint is indeterminate as to diversity of citizenship.

  **C. The Complaint Is Indeterminate as to the Amount in Controversy.**

  A non-speculative estimate of "actual damages" is a prerequisite to evaluating the amount in controversy in an action brought under the Song-Beverly Act, and the majority of courts make clear that this requires a defendant to include deductions to damages mandated by applicable law. *See Echemendia v. Subaru of Am., Inc.*, No. 2:20-CV-09243-MCS-(JEMx), 2020 WL 7311348, at *2 (C.D. Cal. Dec. 11, 2020) ("[D]efendant inexplicably cites the . . . purchase price as plaintiff's actual damages without accounting for finance charges, evidence concerning when repairs were made, or anything else that could allow the Court to reliably estimate actual damages."). In turn, a non-speculative estimate of "actual damages" requires sufficient information for the Court to apply all statutorily required offsets. *Schneider v. Ford Motor Co.*, 756 Fed. Appx. 699, 701, n.3 (9th Cir. 2018) ("We have recognized that an estimate of the amount in controversy must be reduced if a specific rule of law or measure of damages limits the amount of damages recoverable.").

  There are several statutorily required offsets that must be deducted from the total purchase price to calculate actual damages under *Schneider*. First, the Song-

1 Beverly Act requires a deduction of the value "directly attributable to use by the
2 buyer." Cal. Civil Code § 1793.2(d)(2)(B)–(C). The mileage offset is calculated by
3 taking the number of miles driven before the first repair attempt for the alleged defect
4 divided by 120,000 and multiplying that figure by the cash price of the vehicle. *See*
5 *Santillan v. Am. Honda Motor Co., Inc.*, No. 5:22-cv-01951-KK-SHK, 2024 WL
6 4043658, at *5 (C.D. Cal. Sept. 4, 2024) (outlining formula for mileage offset)*; see*
7 *also Stupin v. Gen. Motors LLC*, No. 2:23-cv-06943-SVW-MAA, 2024 WL 811706,
8 at *2 (C.D. Cal. Feb. 27, 2024) ("Neither party has provided sufficient information
9 for the Court to use the [mileage offset] formula included in the Song-Beverly Act to
10 apply the Act's reduction.").

11       And for this case, there is an additional burden in calculating actual damages –
12 specifically, because this case was filed after January 1, 2025, it falls under the new
13 Song Beverly amendments set out under the recently enacted California Assembly
14 Bill 1755, which specifically delineates what actual damages are in the Song Beverly
15 context, including what specific items must be considered and deducted from the
16 paid/payable purchase price to determine actual damages. And because Ford opted
17 into AB1755 by way of the subsequent Senate Bill 26, this applies in full force for
18 this case. Accordingly, in addition to Ford having to assess and deduct the mileage
19 offset, Ford must also analyze the sales contract to consider line items that are
20 included in the total sales price that reflect required offsets provided for in AB1755,
21 including: negative equity (*id.*, § 871.27(c)) manufacturer's rebate (*id.*, § 871.27(d)),
22 and any third party sold optional equipment, service contract or other items set out in
23 § 871.27(a).

24       Here, Plaintiff's allegations are indeterminate as to the amount in controversy
25 because the Complaint fails to provide clear and unambiguous statement as to actual
26 damages composed of what Plaintiff paid less the applicable offsets such as mileage,
27 rebate, and negative equity. Nor does Plaintiff plead a specific value for deductible

offsets necessary to calculate actual damages, nor figures from which those offsets can be determined. Without values clearly stated in the Complaint, Ford must go beyond the Complaint to calculate actual damages and determine the amount in controversy. Ford has no duty to do so. *See Harris*, 425 F.3d at 695; *see Gonzalez*, 2024 WL 2782102, at *3 (rejecting "atextual removal deadline" triggered by Defendant's "own documents and investigation"). Therefore, the Complaint is indeterminate as to the amount in controversy.

In sum, the Complaint is ambiguous, or "indeterminate," as to Plaintiff's citizenship and the amount in controversy. Therefore, Plaintiff has not triggered Ford's duty to remove under 28 U.S.C. § 1446(b).

Accordingly, the Complaint alone provided insufficient information to trigger any deadline for Ford to remove the case upon being served with the Complaint. Said another way, given the indeterminate nature of the contents of the Complaint, Ford was not obligated to remove the case until it performed additional investigation that made removal possible and plausible. Therefore, the only applicable deadline is the one-year deadline under 28 U.S.C. § 1446(c). Ford's removal is timely because it removed within one-year of filing based on its preliminary investigation into Plaintiffs' allegations. *See Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Moreover, while Ford is under no duty to remove at this time, it does so now based on its preliminary investigation.

## DEMAND FOR JURY TRIAL

Defendant Ford Motor Company hereby demands a trial by jury on all issues that may be tried to a jury.

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

| | | |
|---|---|---|
| 1 | Dated: January 9, 2026 | SHOOK, HARDY & BACON L.L.P. |

By: ___*/s/ Karyn Ihara*___
      Amir Nassihi
      Karyn Ihara

Attorneys for Defendant
FORD MOTOR COMPANY

11

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL