United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENRIQUE LOPEZ,<br>Plaintiff,<br>v.<br>FORD MOTOR COMPANY,<br>Defendant. | Case No. 5:26-cv-00229-EJD<br>**ORDER GRANTING FORD'S UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT**<br>Re: ECF No. 32 |

Before the Court is Defendant Ford Motor Company's ("Ford") Motion for Partial Summary Judgment ("Motion"). Mot., ECF No. 32; Not. of Non-Opp'n, ECF No. 33. Plaintiff Enrique Lopez ("Plaintiff") filed a Notice of Non-Opposition. *See* Not. of Non-Opp'n. For the reasons below, Ford's Motion is GRANTED.

## I. BACKGROUND

Plaintiff initially filed this action asserting claims for violations of the Song-Beverly Act, breach of the implied warranty of merchantability, and fraudulent inducement concealment against Ford on March 24, 2025, in the Superior Court of California, County of Santa Clara. Compl., ECF No. 1-1.[1] Plaintiff's claims stem from his purchase of a 2019 Ford F-150 ("Vehicle") on or about September 11, 2019. *Id.* ¶ 7. On July 1, 2025, Ford filed an answer to the Complaint, denying each and every allegation and raising affirmative defenses. *See* Answer, ECF No. 1-3.

---

[1] Ford requests that the Court take judicial notice of the Complaint in this matter, which was filed in Santa Clara County Superior Court. Req. Judicial Not., ECF No. 32-7. This Complaint was also filed in connection with Ford's Notice of Removal. Because the Court "may take judicial notice of court filings," the Court grants Ford's request. *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

United States District Court
Northern District of California

On January 9, 2026, Ford removed the case to this Court on the basis of diversity jurisdiction. Not. of Removal, ECF No. 1. On July 27, 2026, Ford filed the present Motion, seeking summary judgment of Plaintiff's implied warranty of merchantability and fraudulent inducement claims. Mot. 1.

## II. LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is "material" if it would affect the outcome of the suit under the governing law, and a disputed issue is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmoving party bears the burden of proof at trial, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the moving party clears this initial hurdle, the burden then shifts to the non-moving party to produce admissible evidence and set forth specific facts showing that a genuine issue of material fact does indeed exist for trial. *See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). If the non-moving party produces enough evidence to show a genuine issue of material fact exists, then it defeats the motion; otherwise, the moving party is entitled to summary judgment. *Id.*

In considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *See Tolan v. Cotton*, 572 U.S. 650, 655 (2014).

## III. DISCUSSION

Ford argues first that Plaintiff cannot prove that his vehicle was unmerchantable within the first year following his purchase, as required to establish a breach of the implied warranty of

merchantability. Mot. 1. Second, Ford argues that Plaintiff's fraud claim is not viable because it is barred by the statute of limitations and/or the independent tort doctrine and because Ford had no duty to disclose. *Id.* The Court considers Ford's Motion as to each claim in turn.

**A. Breach of Implied Warranty**

To succeed on a claim for breach of the implied warranty of merchantability, Plaintiff must establish lack of merchantability, causation, and damages. *Carver v. Volkswagen Grp. of Am., Inc.*, 107 Cal. App. 5th 864, 889 (2024), *review denied* (Apr. 16, 2025). "Merchantability, as pertinent here, means that the goods '[p]ass without objection in the trade under the contract description,' and are 'fit for the ordinary purposes for which such goods are used.'" *Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538, 1545 (2014), *as modified on denial of reh'g* (July 16, 2014) (quoting Cal. Civ. Code § 1791.1). Pursuant to California Civil Code Section 1791.1(c), the duration of the implied warranty of merchantability may not exceed one year following the sale of new consumer goods to a retail buyer. *Id.* § 1791.1(c).

Here, Ford alleges that during the year following Plaintiff's purchase of the Vehicle on September 11, 2019, Plaintiff only made one repair visit. Mot. 3. Further, during this visit, there was nothing indicating that the Vehicle was unmerchantable or unfit for driving. *Id.*; *see also* Statement of Uncontroverted Material Facts 2, ECF No. 32-1 ("Within the first year following his purchase, Plaintiff presented his F-150 to an authorized repair facility only once, on January 15, 2020, for a recall campaign related to door latch freezing concerns."). Indeed, there are no facts to support Plaintiff's claim, rather the Complaint parrots the statutory language, stating that the Vehicle, "was sold with one or more latent defect(s) set forth above. The existence of the said latent defect(s) constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label." Compl. ¶ 56.

Ultimately, Plaintiff does not dispute Ford's position that, based on the evidentiary record,



United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiff cannot prove this claim. As such, Ford's Motion for summary judgment as to Plaintiff's implied warranty claim is **GRANTED**.

**B. Fraudulent Inducement**

Plaintiff alleges that Ford "committed fraud" by allowing the Vehicle to be sold without disclosing that its transmission was defective and susceptible to sudden and premature failure. Compl. ¶ 65–66. Plaintiff further asserts that Ford was under a duty to disclose the defective nature of the Vehicle and its transmission, and its safety consequences and/or the associated repair costs. *Id.* ¶ 71.

Pursuant to California Code of Civil Procedure Section 338(d) "an action for relief on the ground of fraud or mistake" must be commenced within three years. Cal. Civ. Proc. Code § 338. "The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." *Id.* Here, Plaintiff purchased the Vehicle on September 11, 2019, and did not file this action until March 14, 2025—well over three years after the purchase date. Plaintiff alleges that he "only became suspicious that the Vehicle suffered from the transmission defect after presenting the Vehicle to Defendant for a reasonable number of repair attempt [*sic*] to no avail." Compl. ¶ 75. Plaintiff additionally suggests he "discovered Defendant's wrongful conduct alleged [within the Complaint] shortly before the filing of the complaint." *Id.* ¶ 37. But the Court notes that "[i]n order to invoke the delayed discovery exception to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134, 1141 (C.D. Cal. 2010) (citing *In re Conseco Ins. Co. Annuity Mktg. & Sales Pracs. Litig.*, No. C-05-04726 RMW, 2008 WL 4544441, at *9 (N.D. Cal. Sept. 30, 2008)) (alterations omitted). Plaintiff did not do so here, and, in any event, does not oppose Ford's motion for summary judgment as to his fraudulent inducement claim because it is facially time-barred. *See* Statement of Non-Opp'n. Accordingly, the Court finds that Plaintiff's fraudulent inducement claim is time-barred and **GRANTS** Ford's Motion for Partial Summary Judgment. The Court need not address the other bases Ford advances

United States District Court
Northern District of California

in support of dismissal of Plaintiff's fraudulent inducement claim. *See* Mot. §§ II.B–II.C.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ford's Motion for Partial Summary Judgment as to Plaintiff's implied warranty of merchantability and fraudulent inducement claims.

**IT IS SO ORDERED.**

Dated: November 19, 2026



EDWARD J. DAVILA
United States District Judge